UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:23-cv-01334-SSS-SPx | Date | November 13, 2023 |
|---|---|---|---|
| Title | *Lena Simmons v. Costco Wholesale Corporation* | | |

Present: The Honorable   SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   ORDER DENYING MOTION TO REMAND [Dkt. 16]**

     The Court is in receipt of Plaintiff Lena Simmons' motion to remand. [Mot. (16)]. The motion is fully briefed [Opp. (17); Reply (18)]. As set forth below, the motion is **DENIED** and the hearing previously set for Friday, November 17, 2023 is **VACATED**.

     Plaintiff filed this case in Riverside Superior Court on November 23, 2023. On July 10, 2023, Defendant Costco Wholesale, Corp. filed its notice of removal asserting subject matter jurisdiction under 28 U.S.C. § 1332(a); *see also* 28 U.S.C. 1441(a). [Notice of Removal ("NOR") (Dkt. 1)]. Plaintiff filed her motion for remand on October 13, 2023.

     Plaintiff argues that the case should be remanded because Defendant's notice of removal was not timely filed. She contends that documents supplied to Defendant on April 20 and May 4 placed Defendant on notice that the requirements for diversity jurisdiction were satisfied in this case, establishing a removal deadline of June 3, 2023. [Mot. at 6]; *see* 28 U.S.C. § 1446(b)(3) ("a notice of removal may be filed within 30 days after receipt by the defendant … of

a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

However, the Court cannot entertain Plaintiff's objections to Defendant's untimely removal because Plaintiff's motion to remand is itself untimely. Under 28 U.S.C. § 1447(c), "[a] motion to remand [a] case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal[.]" 28 U.S.C. § 1447(c) (2006); *see In re Edward Jones Holders Litig.*, 453 F. Supp. 2d 1210, 1213 (C.D. Cal. 2006), citing *N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995) ("[T]he district court had no authority to remand the case to the state court on the basis of a defect in removal procedure raised for the first time more than 30 days after the filing of the notice of removal."). Arguments for remand on procedural grounds are forfeited if not timely raised. *Corona-Contreras v. Gruel*, 857 F.3d 1025, 1029-30 (9th Cir. 2017).

Plaintiff's alternative arguments regarding equitable estoppel are without merit. Even if the Court were to accept the proposition that equitable principles could override the clear statutory language in 28 U.S.C. §1447(c), Plaintiff's account of the parties' conduct does not suggest that such relief would be appropriate here. [Mot. at 14].

The Court is otherwise satisfied, based upon the notice of removal, that the requirements for diversity jurisdiction are met. Defendant indicates that Plaintiff is a citizen of California, and Defendant is a citizen of Washington state, rendering the two parties completely diverse. It further states that the amount in controversy requirement is met because, per Plaintiff's Notice of Damages, she seeks approximately $171,080 in damages. [NOR at ¶¶ 3, 4, 6-16].

Because the Court enjoys subject matter jurisdiction over the removed action and Plaintiff failed to timely raise her procedural objections to removal, remand is **DENIED**. The parties are instructed to proceed according to the schedule set forth in the Court's previously issued scheduling order. [Dkt. 13].

**IT IS SO ORDERED.**